IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3006 |
| | ) | |
| V. | ) | |
| | ) | |
| MATTHEW RUEB, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 4:09CR3009 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CHRISTOPHER MERRITT, | ) | |
| | ) | |
| Defendant. | ) | |

In both of these cases, the government has appealed Magistrate Judge Piester's ruling that the electronic monitoring and curfew provisions of the Adam Walsh Amendments of the Bail Reform Act are facially unconstitutional. While Judge Piester's decision is well researched and well reasoned as is his custom, I am loath to declare an Act of Congress facially unconstitutional if I can avoid such a ruling.

As the government points out in its brief in both of these cases, it presented no evidence of the appropriateness of imposing electronic monitoring and a curfew as applied to these defendants because the government believed that the Adam Walsh Amendments did not require any evidence. Before I address the question of whether the law is facially unconstitutional, I want to know whether in each of these cases electronic monitoring and a curfew would be appropriate for the particular defendant. In other words, I want to know whether the Adam Walsh Amendments are unconstitutional as applied to each defendant. Accordingly,

IT IS ORDERED that:

(1)     Each of these cases is remanded to Magistrate Judge Piester for the limited purpose of holding an evidentiary hearing and the issuance of a supplemental memorandum and order.

(2)     Judge Piester shall afford the government and each defendant the opportunity to present evidence regarding the propriety of imposing electronic monitoring and a curfew (consistent with the Adam Walsh Amendments) for a particular defendant. After Judge Piester takes such evidence, he should make a ruling and issue a decision explaining his ruling. Following Judge Piester's decision, each of the parties shall have ten (10) days to submit supplemental briefs. After that, the undersigned will consider the pending appeals.

DATED this 31st day of March, 2009.

BY THE COURT:

*S/Richard G. Kopf*
United States District Judge