IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3006 |
| | ) | |
| V. | ) | |
| | ) | |
| MATTHEW RUEB, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 4:09CR3009 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CHRISTOPHER MERRITT, | ) | |
| | ) | |
| Defendant. | ) | |

As I requested, Judge Piester has submitted a supplemental memorandum in both of these cases addressing in further detail his decision to hold the Walsh Act amendments to the Bail Reform Act of 1984 unconstitutional. Subsequent events, unknown to Judge Piester, may have changed things significantly.

First, the defendant in each case has indicated a desire to plead guilty and a plea hearing has been set. The admission of guilt by a defendant radically changes the analysis.

Second, the government has recently made an important concession before the United States Court of Appeals for the Ninth Circuit which in turn allowed that court to conclude that the Adam Walsh amendments–including the curfew and electronic monitoring conditions–are constitutional. *See United States v. Kennedy*, 2009 WL 1220763 (9th Cir., May 6, 2009) ("At oral argument, government's counsel asserted that the Walsh Act was not a 'straight-jacket' or a "one-size-fits-all regime,' and conceded that the statute 'confers upon

the [district] judge a great deal of discretion with respect to the implementation of the [release] conditions that are required by the [Walsh] Act.' The government also conceded that the Walsh Act permitted an individualized determination by the district court to set appropriate parameters based upon the particular facts and circumstances of each case-for example, in setting restrictions on travel, a curfew, or a condition of electronic monitoring. In light of the government's concessions and in view of the established principle that a statute should be read to avoid serious constitutional issues, we construe the Walsh Act to require the district court to exercise its discretion, to the extent practicable, in applying the mandatory release conditions. . . . So construed, we see no constitutional infirmity in the Walsh Act on the bases argued by defendant. Accordingly, the district court's order is vacated and this matter is remanded. On remand, the district court shall modify release conditions to include those mandated by the Walsh Act. Two of those six mandatory conditions are absolute by their own terms-defendant shall have no contact with the alleged victim and potential witnesses and shall refrain from possessing a firearm, destructive device, or other dangerous weapon. 18 U.S.C. §§ 3142(c)(1)(B)(v), (viii). The district court, however, shall exercise its discretion in setting the other four conditions required by the Walsh Act: (1) define a condition of electronic monitoring; (2) specify restrictions on personal associations, place of abode, or travel; (3) set a reporting requirement; and (4) specify a curfew. 18 U.S.C. §§ 3142(c)(1)(B), (iv), (vi), (vii). The district court shall consider all relevant factors, including defendant's job-related needs, to determine the time of day or number of hours in specifying a curfew, or whether the curfew must be connected to a particular address. The district court shall also fashion an appropriate condition of electronic monitoring that would enable defendant to continue his employment. For example, the district court might find it appropriate to set a procedure by which defendant may travel by air for work, with prior notice and approval; and perhaps monitoring and a curfew at the destination city.") (citation omitted). In light of *Kennedy*, the parties should carefully reevaluate their positions in each of these cases.

    IT IS ORDERED that:

1. Counsel for each party shall submit a brief to me on the issues discussed above and any other relevant issues no later than the close of business on Monday, June 15, 2009.

2. My chambers shall call these cases to my attention on June 16, 2009.

3. My chambers shall provide Judge Piester with a copy of this memorandum and order.

June 2, 2009.

                        BY THE COURT:

                        *S/Richard G. Kopf*
                        United States District Judge