IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3006 |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW RUEB, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before me on the government's appeal from Judge Piester's orders finding the Walsh Act Amendments to the Bail Reform Act are unconstitutional.  After considering the briefs of the parties, and the government's concession in this case and in *United States v. Kennedy*, 2009 WL 1220763 (9th Cir. 2009), I sustain the appeal and reverse Judge Piester's determination that the Walsh Act Amendments are unconstitutional.  However, I also determine that the amendments may be complied with by imposing a condition of electronic monitoring and then suspending that condition and by imposing a curfew that is agreeable to the defendant and consistent with the policies of the halfway house where the defendant resides.  In other words, and given the government's concessions, the Walsh Act Amendments are not unconstitutional because this court has the flexibility to tailor the requirements of the amendments to the facts of the case.  Accordingly,

IT IS ORDERED that:

1.      The appeal (filing 21) from the magistrate judge's orders (filings 19 and 32) is sustained.  The Walsh Act Amendments to the Bail Reform Act are not unconstitutional and Judge Piester's rulings to the contrary (filings 19 and 32) are set aside.

2.      The order setting conditions of release (filings 13) is amended as follows:

      A.      The condition of release requiring electronic monitoring is reimposed and then suspended.   Among other things, this means that the defendant is no longer required to wear an ankle bracelet or pay for electronic monitoring.  The Pretrial Services Officer shall terminate such monitoring.  However, the Pretrial Services Officer shall promptly report to the undersigned or Judge Piester any evidence suggesting that the electronic monitoring condition should be reactivated.   The court reserves the right to reactivate electronic monitoring without further notice.

      B.      The condition of release requiring a curfew is reimposed but amended to provide that the defendant shall abide by the curfew set by the half-way house where the defendant presently resides.

3.      All of the other conditions of release (filing 13) that were previously imposed remain in force.

4.      The Clerk shall provide a copy of this memorandum and order to Judge Piester and to the Pretrial Services Office.

DATED this 16th day of June, 2009.

                     BY THE COURT:

                     *s/Richard G. Kopf*
                     United States District Judge