IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3006 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| MATTHEW RUEB, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Matthew Rueb was sentenced to 51 months in prison and 10 years of supervised release in April of 2010 for possession of child pornography. (Filing no. 87.) He was released from prison, but violated his conditions of supervised release for failing to follow a "public law placement." He was sentenced to one year and one day in prison and placed on 96 months of supervised release. (Filing 124.)

Rueb appears before the Court yet again to face another petition for violation of supervised release. The allegations are several but the most concerning is this one:

> On September 8, 2016, this officer was notified by Matthew Rueb's therapist at Lutheran Family Services in Omaha, Nebraska, that Mr. Rueb failed to appear for counseling on September 7, 2016. This absence occurred following a meeting with this officer, his counselor, and Mr. Rueb on August 30, 2016, where he was told that any additional tardiness, or absences, from individual, or group sex offender counseling would result in an unsuccessful discharge from the program. Mr. Rueb did not show for treatment on July 27, 2016, and September 7, 2016. Effective September 8, 2016, Mr. Rueb has been discharged from sex offender treatment.

(Filing no. 142 at CM/ECF p. 3.)

Mr. Rueb, through his lawyer, claims to suffer from Attention Deficit Hyperactivity Disorder. He has been prescribed a medication known Vyvanse®. Through his lawyer, he

claims that his failures to comply with supervised release conditions are a result of the fact he was (and is) off his medication.  His counsel further advises that Rueb seems confused.

After an investigation by the probation officer, there is a reasonable suspicion that Rueb has been abusing his medication.  Furthermore, it is believed that Vyvanse® is a federally controlled substance.  Still further, Mr. Rueb is a known alcoholic.  Mr. Rueb admitted to his probation officer that on March 16, 2016, he drank alcohol to such excess that it resulted in his hospitalization.

Rueb has not admitted or denied the pending allegations.  Through his lawyer, Rueb agrees to and seeks an evaluation by the Bureau of Prisons to assesses his present mental status and to determine what if any mental health medications he should be taking in order to become less confused and also compliant with his conditions of supervised release.  The government agrees.

IT IS ORDERED that:

1.      The United States Bureau of Prisons shall designate a medical center for federal prisoners at which the defendant shall be examined pursuant to this order.  Upon such designation, the defendant, who is in custody, shall be transported to the place designated by the Bureau of Prisons by the U.S. Marshal.  The defendant shall remain at the medical center until released to the U.S. Marshal for return to Nebraska.

2.      Pursuant to 18 U.S.C. §4244(b) (and such other portions of Chapter 313 as may be appropriate), the Bureau of Prisons shall evaluate the defendant and advise me in writing regarding the following matters: (a) the present mental status of the defendant; (b) whether the defendant requires mental health medications and if so the appropriate mental health medications.  Unless extended by a subsequent order, the evaluation shall be submitted to the court and counsel within 60 days of the defendant being delivered to the medical center.

3. The defendant's counsel shall promptly provide the probation officer with copies of any evaluations or medical records counsel has in her possession.

4. The probation officer assigned to this case (Sandra Otto) is requested to facilitate the implementation of this order and coordinate this case with the Bureau of Prisons. The probation officer shall provide the medical center with all materials the officer believes will assist the medical center in conducting the evaluation.

5. My chambers shall provide a copy of this memorandum and order to the probation officer and the United States Marshals Service.

6. My chambers will calendar this matter for internal review no later than 90 days from this date.

7. Upon receipt of the written report from the Bureau of Prison, I further progress this matter as appropriate.

DATED this 4th day of October, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge